Filed 9/27/23  P. v. McShane CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081318 |
| v. | (Super.Ct.No. FRE05916) |
| DOUGLAS BRIAN McSHANE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino.  Ronald M. Christianson, Judge.

Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and

Appellant.

No appearance for Plaintiff and Respondent.

Douglas Brian McShane appeals from the denial of his motion to vacate his

murder conviction pursuant to Penal Code section 1172.6.[1]

---

**1** All further statutory citations are to the Penal Code.

1

In 2017, in a jury trial, McShane was found guilty of second degree murder (§ 187, subd. (a)), with an enhancement for personally and intentionally discharging a firearm causing death (§ 12022.53, subd. (d)) and lesser included firearm enhancements. He is serving a sentence totaling 35 years to life in prison.

In 2023, he filed a petition to vacate the murder conviction pursuant to section 1172.6. The People filed a response, arguing that the record of conviction established that he was convicted as the actual killer, acting with malice.

The trial court appointed counsel and set a prima facie hearing. At that hearing, defense counsel conceded, "[I]t does appear from the jury instructions that the jury was asked to consider only him as the shooter with either express or implied malice." The trial court denied the petition because McShane "was not charged as an aider and abettor."

McShane's appointed appellate counsel filed a "no-issue" brief, asking us to review the record independently. We notified McShane of this and advised him that we may — but we are not required to — conduct an independent review of the record. We invited him to file a supplemental brief asserting any arguments that he deemed necessary, and we cautioned him that failure to do so might result in the dismissal of his appeal as abandoned. He did not file a supplemental brief.

Under these circumstances, we have the option, in our discretion, of dismissing the appeal as abandoned or reviewing the record independently. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 232.) In general, absent some particularized reason to do

2

otherwise, this panel considers it to be in the interest of justice to review the record independently.

Having done so, we find no error. To be eligible for relief under section 1172.6, a petitioner must have been "convicted of [1] felony murder or [2] murder under the natural and probable consequences doctrine or [3] other theory under which malice is imputed to a person based solely on that person's participation in a crime, . . ." (§ 1172.6, subd. (a).) If the record shows that the jury was not instructed on any of these theories, the petitioner is ineligible for relief as a matter of law. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52; *People v. Cortes* (2022) 75 Cal.App.5th 198, 205.)

Once defense counsel conceded that the jury was instructed exclusively on an actual malice theory of murder, the trial court was required to deny the petition. There is no indication in the record that this concession constituted ineffective assistance of counsel in any way.

DISPOSITION

The order appealed from is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

CODRINGTON
J.

FIELDS
J.

3